UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU, | No. 2:19-cv-1119 KJN P |
| Plaintiff, | |
| v. | ORDER |
| LAURA ELDRIDGE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. In the prior screening order, plaintiff was informed that his complaint must be dismissed because he joined, in one pleading, unrelated claims arising from incidents at two different prisons and such claims did not all arise from the same transaction, occurrence, or series of transactions or occurrences. Plaintiff was granted leave to amend. In response, plaintiff filed a 153-page amended complaint naming 27 defendants, and again alleging unrelated claims concerning an involuntary prison transfer, allegedly futile grievance system, retaliation, violations of his right to practice his religion, discrimination on the basis of religion, the denial of unrestricted access to his cell, the denial of lower tier and single cell housing and tinted prescription glasses, alleged sexual assault during a cell search, inappropriate strip searches, verbal harassment, false reports, inadequate health care, and the taking of personal property. Although it appears that plaintiff has now named only defendants employed at the

California Health Care Facility ("CHCF"), his amended allegations do not involve the same defendants or arise from the same transaction, occurrence, or series of transactions and occurrences. See Fed. R. Civ. P. 20(a). As discussed below, plaintiff's amended complaint is dismissed and plaintiff is granted one final opportunity in which to file a second amended complaint raising only related claims against related defendants.

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

II. <u>Discussion</u>

Plaintiff's filing is confusing because it contains two separate amended complaints, which name different defendants; for example, the initial typewritten amended complaint names 27 defendants, and does not bear plaintiff's signature. (ECF No. 19 at 6-20.) But plaintiff also filed an amended complaint prepared on the court's form, but only names eight defendants, and is signed by plaintiff, and which appears to be a lightly modified version of his original complaint. (ECF No. 19 at 41-42, 46.) Such disjointed pleading is confusing both to the court and to potential defendants. In addition, the screening of plaintiff's amended complaint is difficult because plaintiff makes myriad factual allegations and constitutional claims against numerous defendants, arising from events that occurred at various different times. Such a pleading is often characterized as a "shotgun" or "kitchen-sink" complaint "in which a plaintiff brings every conceivable claim against every conceivable defendant." <u>Gurman v. Metro Hous. & Redevelopment Auth.</u>, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (fn. omitted). Such pleadings are difficult to decipher and require inordinate time to identify potentially relevant matters. Because of the nature of plaintiff's pleading, the undersigned cannot determine whether plaintiff can state a cognizable civil rights claim against a particular defendant.

For these reasons, the court finds that plaintiff's amended complaint fails to meet the "short and plain statement" requirements of Rule 8, Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 8(a). The pleading also fails to comply with Rule 20, which authorizes multiple defendants in a single action <u>only</u> if their challenged conduct arises out of common events and reflects common questions of law or fact. <u>See</u> Fed. R. Civ. P. 20(a)(2); <u>see also</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits."); cf. Fed. R. Civ. P. 18(a) (plaintiff may join multiple claims only against a single defendant).

Accordingly, plaintiff's amended complaint must be dismissed. Plaintiff is granted one final opportunity in which to file a second amended complaint raising only related claims against related defendants.

////

III. Governing Standards

Should plaintiff file a second amended complaint, his allegations must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1); see also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (setting forth pleading guidelines and examples). In an effort to assist plaintiff in filing his second amended complaint, plaintiff is advised of the following.

    A. The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights.

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient). Thus, pleadings that do not set forth facts demonstrating a warden's personal involvement in an alleged violation fail to state a cognizable civil rights claim.

////

4

B. Potentially Cognizable § 1983 Claims

Plaintiff is advised of the following legal standards governing claims raised in his amended complaint.

1. First Amendment Free Exercise

The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend I. The United States Court of Appeals for the Ninth Circuit summarizes the application of the Free Exercise Clause in a state prison context as follows:

> The First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, Everson v. Bd. of Educ. of Ewing Twp., 330 U.S. 1, 8 (1947), "prohibits government from making a law 'prohibiting the free exercise [of religion].' " Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam) (alteration in original). The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. See, e.g., O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Pell v. Procunier, 417 U.S. 817, 822 (1974); Cruz, 405 U.S. at 322. A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration. O'Lone, 482 U.S. at 348.

Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013).

"To prevail on their Free Exercise claim, plaintiffs must allege facts plausibly showing that the government denied them 'a reasonable opportunity of pursuing [their] faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Id. (alteration in original) (quoting Cruz, 405 U.S. at 322). To implicate the Free Exercise Clause, a prisoner must show that the belief at issue is both "sincerely held" and "rooted in religious belief." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); see also Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (noting the Supreme Court's disapproval of the "centrality" test and finding that the "sincerity" test in Malik determines whether the Free Exercise Clause applies). If the inmate makes his initial showing of a sincerely held religious belief, he must establish that prison officials substantially burdened the practice of his religion by preventing him from engaging in conduct that he sincerely believes is consistent with his faith. Shakur, 514 F.3d at 884-85.

Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent." Int'l Church of Foursquare Gospel v. City of San Leandro, 673 F.3d 1059, 1067 (9th Cir. 2011) (citation and internal quotation marks omitted). "That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Id. (quoting San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)). "A substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." Id. (citation and internal quotation marks omitted)

### 2. The Religious Land Use and Institutionalized Persons Act of 2000

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") expands rights under the First Amendment's Free Exercise Clause, mandating that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person --
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a)(1)-(2).

Plaintiff must allege facts demonstrating that defendant substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation or action at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

"RLUIPA does not define 'substantial burden,' but [the Ninth Circuit] has held that 'a substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise.'" Hartmann, 707 F.3d at 1124-25 (citing San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)). "Generally, the term 'substantial burden' in RLUIPA is construed in light of federal Supreme Court and appellate jurisprudence involving the Free Exercise Clause of the First Amendment prior to the Court's decision in Emp't Div. Dep't of

6

Human Res. of Oregon v. Smith, 494 U.S. 872, 878-82 (1990)." Int'l Church of Foursquare Gospel, 673 F.3d at 1067 (citing Guru Nanak Sikh Society of Yuba City v. County of Sutter, 456 F.3d 978, 988 (9th Cir. 2006)). "In the context of a prisoner's constitutional challenge to institutional policies, this court has held that a substantial burden occurs 'where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Hartmann, 707 F.3d at 1124-25 (citing Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)).

RLUIPA does not authorize money damages against state officials, regardless of whether they are sued in their official or individual capacities. See Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable."). The proper defendant for a RLUIPA claim is the official who could appropriately respond to a court order on injunctive relief should one ever be issued. See id.

### 3. Religious Discrimination

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Strict scrutiny applies to equal protection claims alleging race-based or religious discrimination (i.e., where the plaintiff is member of a "protected class"); minimal scrutiny applies to all other equal protection claims. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional

discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

### 4. Medical or Mental Health Care

To succeed on an Eighth Amendment claim predicated on the denial of medical or mental health care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.

////

1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

### 5. Retaliation

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." Brodheim v. Cry, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the defendant who took adverse action against him, and plead that the allegedly adverse action was taken "because of" plaintiff's protected conduct.

### 6. Strip Searches

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (citation omitted). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citation omitted).

The United States Supreme Court and the Ninth Circuit have held that routine visual strip searches do not unreasonably infringe on prisoners' constitutional rights. Florence v. Board. of Chosen Freeholders, 566 U.S. 318, 328 (2012) (upheld, under the Fourth Amendment, a blanket strip search and visual body cavity search for detainees entering detention facilities to detect and deter contraband); Bell v. Wolfish, 441 U.S. 520, 558-60 (1979) (found visual body cavity searches conducted after contact visits used to prevent prisoners' possession of weapons and contraband, even absent probable cause, reasonable under the Fourth Amendment); Michenfelder

v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988) (held that routine visual body cavity searches conducted in hallways did not violate the Fourth Amendment after situations where inmates had been presented with the opportunity to obtain contraband or a weapon); Rickman v. Avaniti, 854 F.2d 327 (9th Cir. 1988) (upheld prison policy requiring visual strip and body cavity searches every time administrative segregation prisoners left their cells).

Physical sexual assault violates the Eighth Amendment. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (2000). On the other hand, claims alleging brief inappropriate touching with sexual overtones have been dismissed as non-cognizable under the Eighth Amendment. See Watison v. Carter, 668 F.3d 1108, 1112-14 (9th Cir. 2012) (finding defendant's conduct "not objectively harmful enough" and prisoner's humiliation not severe enough to state an Eighth Amendment claim where defendant officer allegedly entered prisoner's cell while he was on the toilet, rubbed his thigh against the prisoner's thigh and began smiling in a sexual way, and left prisoner's cell laughing).

C. Claims Not Cognizable

As discussed below, many of plaintiff's allegations fail to state a cognizable civil rights claim.

First, inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). An inmate also does not have a constitutional right to any particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995). Inmates have no federal constitutional right to particular

procedures established by state law. Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986), abrogated in part on other grounds, Sandin, 515 U.S. at 472.

Second, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). (ECF No. 19 at 5.) Thus, plaintiff cannot state a cognizable civil rights claim based on allegations that prison staff impeded, interfered with, or improperly rejected or denied an administrative grievance.

Third, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Fourth, a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

Finally, the mere making of harassing comments to a prisoner does not give rise to a federal civil rights claim. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (verbal harassment is not cognizable as a constitutional deprivation under § 1983); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983), overruled in part on other grounds by Shakur, 514 F.3d at 884-85.

////

IV. Leave to Amend

As discussed above, plaintiff's amended claims do not arise from the same transaction, occurrence, or series of transactions and occurrences in which all defendants were involved. Plaintiff's improper joinder of his many claims cannot be remedied by dismissal of the unrelated claims because his amended pleading is not short and plain, it is unclear whether he can state cognizable claims as to each alleged incident, and it is not clear which claims he wants to pursue in this action, and which claims he will choose to pursue in separate lawsuits. See Fed. R. Civ. P. 8(a), 21. In any event, plaintiff is granted leave to file a second amended complaint in which he raises only those claims arising from the same incident and involving the same defendants.

As plaintiff was previously informed, he cannot join numerous unrelated claims against multiple defendants in one action. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action only where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" (emphasis added) and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George, 507 F.3d at 607. In other words, joining more than one claim in a single complaint is proper when the claims are against the same defendant, but joining multiple defendants in one complaint is proper **only** if the claims against them are based on the same facts. This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607; see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

In addition, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West, 487 U.S. at 48. Also, the second amended complaint must allege in specific terms how each named defendant is

12

involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry, 84 F.3d at 1180 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41(b) for violation of these instructions.

Also, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Moreover, plaintiff is admonished that failure to comply with this court's orders may result in the involuntary dismissal of this action as a sanction. Fed. R. Civ. P. 41(b). Plaintiff should review the court's initial screening order, as well as this order, and file a second amended complaint that complies with such orders. Because this is the court's second effort to obtain plaintiff's compliance in terms of proper joinder, plaintiff is required to file his second amended complaint on the court's complaint form, and should only name as defendants those individuals who violated plaintiff's civil rights on the basis of the same incident or transaction. Plaintiff may append pages explaining his factual allegations about related defendants, but <u>plaintiff's second amended complaint shall not exceed 15 pages</u>. Plaintiff is not required to append exhibits or cite legal authorities.

V. <u>Court Orders</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 19) is dismissed.

2. Within sixty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case, must be labeled "Second Amended Complaint." Plaintiff's second amended complaint shall be filed on the court's complaint form and shall not exceed fifteen pages.

////

////

Failure to file a second amended complaint in accordance with the July 18, 2019 order and the instant order, may result in the dismissal of this action based on plaintiff's failure to comply with court orders. Fed. R. Civ. P. 41(b).

3. The Clerk of the Court is directed to send plaintiff a copy of the court's form for filing a civil rights complaint by a prisoner.

Dated: March 25, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/uhur1119.14b

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAURA ELDRIDGE, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1119 KJN P<br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　　_____　　　　Second Amended Complaint using the court's form and not exceeding fifteen (15) pages

DATED:

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff