UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>Plaintiff,<br><br>v.<br><br>LAURA ELDRIDGE, et al.,<br><br>Defendants. | No. 2:19-cv-1119 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint is before the court.

Plaintiff again alleges myriad claims against 27 different defendants, including First Amendment retaliation and Free Exercise claims. In his separate handwritten pleading, plaintiff recites 12 claims: exercise of religion, retaliation, medical care/mental health services; ADA and RLUIPA violations; cruel and unusual punishment/excessive force by an officer; threat to safety; property; sexual assault with due process violation; equal protection violations with denials of access to the court; unconstitutional state violation with civil conspiracy; no outside exercise on big yard to practice social distancing from March to May 2020; denial of basic necessities while intentionally inflicting emotional distress through disciplinary proceedings; denial of group worship for the Nubian Hebrew Israelites with foods of religious significance, water baptisms,

1

memorials, official documentation stipulating plaintiff as priest, facilitator, and leader to disseminate religious curriculum, with separate storage space for all donations and charitable contributions. (ECF No. 23 at 9.) Plaintiff contends that requiring him to double cell with another male "is an abomination against the practice of his Nubian Hebrew Israelite Religion," which violates plaintiff's rights under the First Amendment, the Free Exercise Clause, RLUIPA, and the ADA. (ECF No. 23 at 23.)

I. In Forma Pauperis Statute

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

II. Has Plaintiff Sustained Three Strikes?

Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to

////

state a claim upon which relief may be granted.[1] Prior to the date plaintiff initiated this action on June 18, 2019, the following cases filed by plaintiff were dismissed as set forth below:

    1. Diallo v. Yarborough, Case No. 2:03-cv-05401-JVS-VBK (C.D. Cal. February 5, 2004) (Report and Recommendation ["R&R"] to Grant Defendants' Motion to Dismiss Complaint for failure to state a claim ("The allegation of the Complaint are insufficient to state a claim against each individual defendant upon which relief can be granted."); adopted April 16, 2004) (Order Accepting R&R Granting Defendants' Motion to Dismiss, and Directing that Judgment be entered dismissing action without prejudice).

    2. Diallo v. Moskowitz, Case No. 2:07-cv-07109-JVS-VBK (C.D. Cal. June 1, 2009) (Amended R&R Granting Defendants' Motion to Dismiss Complaint; adopted July 6, 2009 (Order Accepting and Adopting Amended R&R and dismissing the Complaint, "and the action, with prejudice.").

    3. Diallo v. Greenman, Case No. 2:07-cv-02937-JVS-VBK (C.D. Cal. Sept. 21, 2009) (R&R Granting Defendants' Motion to Dismiss First Amended Complaint) ("[T]he allegations of the First Amended Complaint are insufficient to state a federal civil rights claim against Defendants.")); adopted Oct. 27, 2009 (Order Accepting & Adopting R&R and Dismissing First Amended Complaint, "and the action, with prejudice.").

    4. Uhuru v. Spagnola, Case No. 2:09-cv-05582-JVS-VBK (C.D. Cal.).  In this case, plaintiff's complaint was dismissed for failure to state a claim, with leave to amend.  Plaintiff failed to amend, and this case was subsequently dismissed based on plaintiff's failure to amend.  See id., ECF No. 5 at 5 n.1.  "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."  Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017).  Therefore, Uhuru v. Spagnola, Case No. 2:09-cv-05582-JVS-VBK also constitutes a strike under 28 U.S.C. § 1915(g).

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

3

All four of the above cases constitute strikes that were final prior to the date plaintiff filed this action. Therefore, the undersigned concludes that plaintiff has sustained three strikes under 28 U.S.C. § 1915(g).

III. Is Plaintiff Entitled to the Imminent Danger Exception?

Because plaintiff has sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Here, plaintiff has not alleged any facts which suggest that he was under imminent danger of serious physical injury at the time he filed this action on June 18, 2019.[2] Rather, he states in conclusory terms that he is "under imminent danger," and in one section claims it is based on his inability to receive law books, ADA computers, lack of outside exercise, and denial of inside unit worship. (ECF No. 23 at 5.) Such allegations fail to demonstrate the imminent danger of serious physical injury. Moreover, the alleged restriction on exercise took place from March to May, 2020 (ECF No. 23 at 9), and appears tied to the current COVID-19 pandemic. Such restriction

---

[2] Indeed, many of plaintiff's factual allegations are based on incidents that took place after he filed the instant action, many of which took place in 2020. (ECF No. 23 at 11-16, 17-19, 20, 21, 22.)

4

1   occurred after plaintiff filed the instant action and was implemented to protect plaintiff, other
2   prisoners and prison staff from exposure to the virus.  Thus, plaintiff must submit the appropriate
3   filing fee in order to proceed with this action.  Plaintiff is advised that his failure to submit the
4   appropriate filing fee will result in a recommendation that this action be dismissed.
5   IV.  Plaintiff's Motion for Injunctive Relief
6          Plaintiff submitted a document styled, "Order to Show Cause and Injunction for
7   Temporary Restraining Order," along with his amended pleading.  (ECF No. 25.)  Plaintiff seeks
8   an order requiring the CDCR and the entire State of California to approve and recognize the
9   Nubian Hebrew Israelites thirty day fast in August, and 365 days of fasting for the priesthood,
10  while receiving their kosher meals inclusive with breaking their fast after sundown when
11  consuming all three provided foods and beverages in one meal daily, and restraining defendants
12  and their agents from denying the Nubian Hebrew Israelites their two official banquets provided
13  with foods of religious significance from approved vendors, and to establish a Religious Advisory
14  Committee to conduct food sales, receiving donations, and provide assistance to the general
15  population.
16         "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
17  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
18  balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.
19  Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).
20         Here, plaintiff's filing fails to meet any of these requirements.  Plaintiff generally refers to
21  his second amended complaint, but does not address any of the elements required under Winter.
22  Therefore, plaintiff's motion should be denied without prejudice.
23         Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign
24  a district judge to this case.
25         Further, IT IS HEREBY RECOMMENDED that:
26         1.  Plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action;
27         2.  Plaintiff's in forma pauperis status (ECF No. 8) be revoked;
28         3.  The order directing the CDCR to collect the filing fee be vacated (ECF No. 10);

    4. The court order plaintiff to pay the $400.00 filing fee in order to proceed with this action; and

    5. Plaintiff's motion for injunctive relief (ECF No. 25) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/uhur1119.1915g